**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHARLES AYLER,

    Plaintiff,

v.                                                    Case No. 12-12442

BAC HOME LOANS SERVICING LP, et al.,

    Defendants.

                                                        /

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2), AND TERMINATING PENDING MOTIONS**

    Plaintiff Charles Ayler initiated this *pro se* action, entitled "Motion to Set Aside Summary Disposition with Stop Action," on December 19, 2011, against several financial institutions. Having originally been docketed by the Clerk of the Court as a miscellaneous case, the court entered an order on June 6, 2012, transferring the case to its civil docket and directing Plaintiff to either pay the statutory civil case filing fee or submit a sworn application to proceed *in forma pauperis*. (*See* 6/6/2012 Order, Dkt. # 4.) On June 18, 2012, Plaintiff filed an application to proceed *in forma pauperis,* which the court will grant. *See* 28 U.S.C. § 1915(a)(1). However, after careful consideration, the court must dismiss this action pursuant to 28 U.S.C. § 1915(e)(2) and will also terminate the pending motions.

**I. STANDARD**

    Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section

1915(e)(2) requires district courts to dismiss complaints that are frivolous or malicious, that fail to state a claim on which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

The Supreme Court has interpreted the term "frivolous," with respect to a complaint, to embrace "not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Thus, a complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Id.; see also Brown*, 207 F.3d at 866.

In deciding whether a complaint states a claim upon which relief can be granted, a Plaintiff must allege enough facts that, when assumed true, "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), by "stat[ing] a claim to relief that is plausible on its face," *id.* at 570.  A claim is facially plausible when the plaintiff pleads facts "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," rather than showing only "a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  Dismissal of a complaint under § 1915(e)(2) for failure to state a claim on which relief may be granted "is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Brown*, 207 F.3d at 867.

## II.  DISCUSSION

Even when viewed with the leniency the court accords to pro se filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff's filing is virtually inscrutable.  To the extent it can be understood, Plaintiff appears to allege that a mortgage loan issued to him by an unnamed lender is invalid, because the lender created "credit or debt . . . on the spot out of thin air by writing checks on themselves and then placing it into the national or private debt and then hold [sic] the bond/note (my original note) to collect interest on it."  (Notice to Set Aside Summ. Disposition with Stop Action 1, Dkt. # 1.) Plaintiff continues to claim that the Federal Reserve Act of 1913, a statute establishing the Federal Reserve System, is unconstitutional and constituted a fraud committed by the United States Congress, because "[o]nly gold and silver coin is a [sic] [l]egal [t]ender," and "[t]o change the money in this United States of America, you would have to do an Amendment to the Constitution for [sic] the United States."  (*Id.* at 3-4.)  As a result of his purported belief that the monetary system of the United States is a fraud being perpetrated against American citizens by the Government and financial institutions, Plaintiff requests an order granting him title to unidentified property and monetary damages of $50,000.  The action both fails to state a claim upon which relief may be granted against the named Defendants and is manifestly frivolous.  It must therefore be dismissed under 28 U.S.C. § 1915(e)(2).

First, Plaintiff has not pled factual allegations, that when accepted as true, raises a right to relief above the speculative level.  Plaintiff's filings are no more than incoherent rants and conclusory claims of fraud against Defendants.  For example, Plaintiff states that "[a]ll Defendants . . . lack written authority, enforceable contract and

3

right to enforce servitude upon Affiants without just compensation; according to the law of contracts (1) mutual offer; (2) mutual acceptance; (3) mutual consideration; (4) capacity and authority; (5) competency and of a sound mind[;] of a legal age." (*Id.* at 5.) Beyond the obvious fact that the statement is so convoluted as to be nonsensical, Plaintiff fails to proffer any factual allegations to support his apparent claim that either he or Defendants lacked the capacity to enter into a contract.  It is not even clear what relationship, if any, Plaintiff has with each Defendant.  Moreover, because Plaintiff is alleging that Defendants engaged in fraudulent actions, Plaintiff must satisfy an even higher pleading standard than that established by Federal Rule of Civil Procedure 8 and *Twombly*.  When pleading fraud or mistake, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  It is apparent that Plaintiff has satisfied neither the particularity standard of Rule 9(b) nor the general *Twombly* standard.

      The case must also be dismissed because Plaintiff's claim that Defendants may not foreclose on his property because the entire monetary system of the United States is a sham is both fantastical and unsupported by either law or fact.  Such an assertion, seemingly premised on Plaintiff's delusional claims that Defendants are attempting to use a "fraudulent war power" to take his property and declaration that he is a "living aboriginal indigenous man," whose "lands and . . . rights [were] endowed from Allah the Most High Creator," (Notice to Set Aside Summary Disposition with Stop Action at 1-2), is the epitome of frivolity.

### III.  CONCLUSION

For the reasons set forth above, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* [Dkt. # 5] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE pursuant to 42 U.S.C. § 1915(e)(2).

Finally, IT IS ORDERED that Plaintiff's pending "Motion for Default for Failure to Answer" [Dkt. # 2] and "Motion for Default for Failure to Disclose" [Dkt. # 3] are TERMINATED AS MOOT.

      s/Robert H. Cleland                   
     ROBERT H. CLELAND
     UNITED STATES DISTRICT JUDGE

Dated:  July 13, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner                        
     Case Manager and Deputy Clerk
     (313) 234-5522